1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7    KIMBERLY EVANS, et al.,                    Case No.18-cv-02614-HSG

8                    Plaintiffs,
                                               **ORDER GRANTING MOTION TO
9              v.                              STAY**

10   BRISTOL-MYERS SQUIBB COMPANY,             Re: Dkt. No. 11
     et al.,
11
                    Defendants.
12

13         Defendant Bristol-Myers Squibb Co. ("Bristol-Meyers") removed this action from

14   Alameda County Superior Court on May 3, 2018. Dkt. No. 1.[1]  On May 7, 2018, the United States

15   Judicial Panel on Multidistrict Litigation ("the MDL Panel") filed a conditional transfer order

16   transferring this case to *In re Abilify (Aripiparzole) Products Liability Litigation* ("the Abilify

17   MDL"). MDL No. 2734, Dkt. No. 158. Plaintiffs filed a notice of opposition to the conditional

18   transfer order on May 10, 2018. MDL No. 2734, Dkt. No. 161. The MDL Panel subsequently set

19   a briefing schedule for Plaintiffs to file a motion to vacate the conditional transfer order. MDL

20   No. 2734, Dkt. No. 174. On May 16, 2018, Bristol-Myers filed a motion to stay all proceedings in

21   this action pending transfer to the Abilify MDL. *See* Dkt. No. 11. Plaintiffs filed a motion to

22   remand on May 17, 2018. Dkt. No. 13.

23         "[T]he power to stay proceedings is incidental to the power inherent in every court to

24   control the disposition of the causes on its docket with economy of time and effort for itself, for

25   counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a

26   stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2)

27

28   _____

     [1] All docket references are to this case unless otherwise indicated.

1    "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the

2    orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

3    questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d

4    265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter

5    entrusted to the discretion of the district court. *See Landis,* 299 U.S. at 254 ("How this can best be

6    done calls for the exercise of judgment, which must weigh competing interests and maintain an

7    even balance.").

8          The Court finds in its discretion that both party and judicial resources will be most

9    efficiently used if these cases are stayed until the MDL Panel decides whether to vacate the

10   conditional transfer order. Deference to the MDL Panel allows for the uniformity, consistency,

11   and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407. Moreover,

12   the stay will be of limited duration. It is therefore unlikely that any damage will result from the

13   granting of the stay.

14         Accordingly, the Court **GRANTS** Bristol-Myers' motion to stay proceedings in this action

15   until the MDL Panel resolves Plaintiffs' motion to vacate the conditional transfer order.

16         The case management conference set for May 29, 2018 at 2:00 p.m. is **VACATED**.

17         **IT IS SO ORDERED.**

18   Dated:  5/18/2018

19

20

21   HAYWOOD S. GILLIAM, JR.
     United States District Judge

22

23

24

25

26

27

28